IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mr. Bernard Goodwin, | ) | C/A No.  0:13-3468-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Dr. Neville, R, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Bernard Goodwin ("Plaintiff"), a self-represented litigant, brings this action

pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and

Local Civil Rule 73.02(B)(2)(d) DSC.  Plaintiff is an inmate at Lee Correctional Institution ("LCI"),

and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint in

accordance with applicable law, the court concludes that it should be summarily dismissed without

prejudice and without the issuance and service of process.

I.      **Factual and Procedural Background**

Plaintiff complains that, since his transfer to LCI on July 2, 2013, he has suffered from a

"massive [rash] outbreak," which causes itching and burning. (ECF No. 1 at 3–4.) Plaintiff met with

Defendant Neville ("Neville"), an LCI physician, on November 21, 2013, and advised him that a

previously prescribed tube of ointment only exacerbated Plaintiff's discomfort. (Id. at 5.)  Neville

ordered Plaintiff a different type of medication, which Plaintiff alleges also irritates his skin, and

Neville has allegedly failed to respond to Plaintiff's requests for further medical attention.  (Id.)

Plaintiff seeks monetary damages and injunctive relief.  (Id. at 6.)

*PJG*

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.    Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at



Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two

essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the color of state

law.  West v. Atkins, 487 U.S. 42, 48 (1988).  In addition, a plaintiff must affirmatively show that

a defendant acted personally in the deprivation of his or her constitutional rights.  Vinnedge v. Gibbs,

550 F.2d 926, 928 (4th Cir. 1977).

### 1.      Deliberate Indifference to Medical Needs

Plaintiff alleges that Neville has failed to provide adequate medical treatment for Plaintiff's

skin condition.  (ECF No. 1 at 2, 5.)  With respect to medical care, a prisoner in a § 1983 case "must

allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical

needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir.

1997) (deliberate indifference "requires that a prison official actually know of and disregard an

objectively serious condition, medical need, or risk of harm") (citation omitted).  Furthermore, the

United States Court of Appeals for the Fourth Circuit has held that the medical treatment at issue

"must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be

intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the

[Constitution]." Miltier v. Beorn, 896 F.2d 848, 851–52 (4th Cir. 1990) (citation omitted), overruled

in part on other grounds by Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In the present action,

Plaintiff complains that he suffers from a rash.  (ECF No. 1 at 3.)  Plaintiff indicates that he was

examined and provided medication by a doctor at Broad River Correctional Institution; however, the

medication did not provide any relief.  (Id.)  Subsequent to his transfer to LCI on July 2, 2013,

Plaintiff was provided "a bigger tube" of medication, which also failed to work.  (Id.)  Plaintiff



completed additional sick call requests and was examined by an LCI nurse on November 5, 2013. (<u>Id.</u> at 4.)  On November 21, 2013, Neville examined Plaintiff and ordered different medication for his skin condition.  (<u>Id.</u> at 5.)  The Complaint indicates that the new medication causes a burning sensation and Plaintiff has unsuccessfully written requests to Neville seeking additional medical treatment.  (<u>Id.</u>)  Essentially, Plaintiff alleges that Neville has failed to provide further medical treatment between the initial consultation on November 21, 2013 and December 9, 2013, the date Plaintiff signed the Complaint.  (<u>Id.</u> at 5–6.)  However, Neville's alleged two and a half week delay in treatment for Plaintiff's rash does not demonstrate treatment "so grossly incompetent, inadequate or excessive as to shock the conscience."  <u>Miltier</u>, 896 F.2d at 851–52.  As Plaintiff's claims do not rise to the level of deliberate indifference to a serious medical need, Neville is entitled to summary dismissal from this case.

### 2.    Negligence

To the extent the Complaint alleges a claim of negligence, such a claim, in general, is not actionable under 42 U.S.C. § 1983.  <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 332–36 n.3 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 347–48 (1986) (negligent failure to protect an inmate does not "deprive" him of liberty or violate the Constitution); <u>Pink v. Lester</u>, 52 F.3d 73 (4th Cir. 1995) (<u>Daniels</u> bars an action under § 1983 for negligent conduct).  Because negligent behavior on the part

of a government official does not present a constitutional violation, any negligence or medical malpractice claim Plaintiff may be alleging against Neville is also subject to summary dismissal.[2]

### 3.    Exhaustion of Administrative Remedies

Finally, it is clear from the face of the Complaint that Plaintiff filed this case prematurely, before fully exhausting the administrative remedy process at the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 2.) The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity. Jones v. Bock, 549 U.S. 199 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate. See Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655–56 (4th Cir. 2006). In the present action, Plaintiff indicates that he filed

---

[2] Negligence and medical malpractice claims are cognizable in state court. However, as Plaintiff's federal claims are recommended for summary dismissal, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in the Complaint. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).



an administrative grievance on August 23, 2013, but has not yet received a final agency decision regarding the matter. (ECF No. 1 at 2.) Thus, the Complaint is also subject to summary dismissal for lack of exhaustion.

### III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 6, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).